**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PAUL ALLEN THOMAS, | ) | CASE NO. CV 11-10145 PSG (RZ) |
| Petitioner, | ) | |
| | ) | ORDER SUMMARILY DISMISSING |
| vs. | ) | PAROLE HABEAS ACTION |
| | ) | PURSUANT TO *SWARTHOUT V.* |
| MATTHEW CATE, | ) | *COOKE* |
| Respondent. | ) | |
| | ) | |

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides in part that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Because a recent Supreme Court ruling plainly forecloses Petitioner's habeas challenge to his ongoing denial of parole, the Court will dismiss the action summarily.

## I.

## BACKGROUND

Petitioner Paul Allen Thomas is serving a lengthy prison sentence following his 1996 murder conviction. On September 23, 2010, the Board of Parole Hearings denied Petitioner parole. *See* Appendix A to Pet. (hearing transcript). In 2011, Petitioner

exhausted a state-habeas challenge to the denial. He now seeks habeas relief from this Court, asserting, in essence, that the Board made a decision so substantively incorrect that it violated his federal Due Process rights. As Petitioner gamely acknowledges, *see* Mem. at 17-19, a new Supreme Court case forecloses relief.

## II.
## FEDERAL DUE PROCESS CONCERNS
## ARE VERY LIMITED IN PAROLE CASES

The Supreme Court recently decided *Swarthout v. Cooke*, 562 U.S. __, 131 S. Ct. 859, 178 L. Ed. 2d 732 (2011) (*Cooke*). *Cooke* reversed two rulings by the Ninth Circuit granting habeas relief based on a lack of "some evidence" of the inmates' current dangerousness. *Cooke* said that such a "some evidence" requirement is a state, not federal, requirement and held that "the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business." The federal habeas court's inquiry – in cases, such as this one, in which a prisoner seeks habeas relief based on an alleged violation of the federal Due Process Clause – is limited to determining whether the prisoner "was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." *Id.*, *citing Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 16, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979).

Here, Petitioner was present at his parole hearing, was given an opportunity to be heard, and was provided a statement of reasons for the denial of parole. *See* Appendix A to Pet. "The Constitution does not require more [process]." *Greenholtz*, 442 U.S. at 16. In light of *Cooke*, Petitioner presents no cognizable claim for relief based on federal law. To his credit, Petitioner acknowledges and addresses *Cooke*, but he argues only that it was wrongly decided. *See* Mem. at 17-19. Right or wrong, *Cooke* binds this Court and requires this dismissal.

**III.**

**CONCLUSION**

For the foregoing reasons, the Court DISMISSES the action with prejudice.


DATED:   12/12/11


PHILIP S. GUTIERRERZ
PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE